## LIVINGSTON PRESS v. GENET.

(Supreme Court, Appellate Term. November 14, 1906.)

COSTS—ALLOWANCE TO DEFENDANT.

    Defendant, in whose favor judgment is rendered, is not entitled to costs, where he filed no verified pleading or written notice of appearance.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, § 108.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Livingston Press against Harry E. Genet. From a judgment in favor of defendant, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, DUGRO, and DOWLING, JJ.

Sternberg & Jacobson, for appellant.

Woodson R. Oglesby, for respondent.

GILDERSLEEVE, J. The record in this action is somewhat confused, and it is difficult to determine the rights of the parties by reference to it. The action seems to have been brought by the plaintiff against the defendant, but at the beginning of the trial there appears this sentence: "Stipulated that the two actions be tried together." What the two actions are does not appear; there being but one record submitted to this court. The pleadings were oral, and the plaintiff evidently seeks to foreclose a lien, basing its claim upon having delivered to the defendant four sets of books, each set consisting of sever-

al volumes, the aggregate agreed price being $189, of which $20 had been paid, title to said books to remain in the plaintiff until paid for by defendant. The defendant interposed a general denial.

The claim of the defendant in his brief is that the orders for the books were taken by one Cook, acting as agent for the plaintiff, who in turn was the selling agent of a concern known as the "St. Dunstan Society"; that one order was taken in the name of the plaintiff, and the other in the name of the other concern; and that the defendant, finding himself unable to pay for the books after having paid $20, at the request of the agent returned all of the books to the owners. The defendant's counsel further states in his brief that the record does not show all the facts before the court, and the plaintiff's counsel in his brief asks the court to disregard two pages of testimony and an admission made by him appearing in the record. At the close of the case the court requested further proof of the return of the books to this plaintiff, which the defendant claims was done by submitting to the trial court the receipt given by the express company and letters from the plaintiff acknowledging the receipt of the books. None of these, however, appear in the record. As before stated, the record, both as regards exhibits and testimony, is so chaotic that the ordering of a new trial would be necessary, but for this reason. The judgment was in favor of the defendant for costs, amounting to $17.41. There was no verified pleading, and no written notice of appearance filed by the defendant. He was, therefore, not entitled to costs. Goldman v. Messing, 48 Misc. Rep. 651, 96 N. Y. Supp. 171.

The judgment is therefore modified, by directing that the same be rendered in favor of the defendant, without costs and without prejudice to a new trial, and, as modified, affirmed, without costs of this appeal to either party.

DOWLING, J., concurs. DUGRO, J., concurs in result.